IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMECIA A. THOMAS, | : | |
| | : | CIVIL ACTION FILE |
| Plaintiff, | : | NO. _____ |
| | : | |
| v. | : | |
| | : | |
| ASTRO BAIL BONDING, INC., | : | |
| ATLANTA DUI ACADEMY, INC., | : | |
| CATHY LYNN WARD, AND | : | |
| FREDERICK T. SANDERS II, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**COMPLAINT FOR BACKPAY, LIQUIDATED DAMAGES, AND ATTORNEYS' FEES UNDER THE FAIR LABOR STANDARDS ACT**

COMES NOW PLAINTIFF JAMECIA A. THOMAS, by and through her counsel of record, and asserts her claims against Defendants ASTRO BAIL BONDING, INC., ATLANTA DUI ACADEMY, INC., CATHY LYNN WARD and FREDERICK T. SANDERS II, under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., [hereinafter "FLSA"] for unpaid minimum wages, unpaid overtime wages, liquidated damages and reasonable attorneys' fees and expenses, showing this Honorable Court as follows:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337.  This Court also has jurisdiction pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA").

2.

Pursuant to 28 U.S.C. § 1391, venue is appropriate in this judicial district as the Defendants reside herein, and the substantial part of the events or omissions giving rise to the claims described herein occurred in this judicial district.

## PARTIES

3.

Plaintiff Jamecia A. Thomas, a Georgia resident, is a former employee of Defendants, having been employed by Defendants between October 2013 and March 13, 2015.  At all material times, Ms. Thomas was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1), although Defendants intentionally misclassified her as an "independent contractor" for the duration of her employment relationship with them.

4.

Defendant Astro Bail Bonding, Inc. ("ABB") is a domestic Georgia corporation, and is therefore subject to the jurisdiction of this Court.  The

primary business of Defendant ABB was to provide bonds for individuals who needed security in exchange for being released from custody. At all relevant times, Defendant ABB has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant ABB may be served with process upon its Chief Executive Officer, Frederick T. Sanders, 140 Gill Lane, Stockbridge, GA 30281.

5.

Defendant Atlanta DUI Academy, Inc. ("ATL DUI") is domestic Georgia corporation, and is therefore subject to the jurisdiction of this Court. Defendant ATL DUI is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant ATL DUI may be served with process upon its registered agent for service, Cathy Lynn Ward, 140 Gill Lane, Stockbridge, GA 30281.

6.

At all relevant times, Defendants ABB and ATL DUI were Plaintiff's "joint employers" as that term is defined at 29 C.F.R. Section 791, *et seq*. Plaintiff performed various services for both Defendants ABB and ATL DUI from October 2013 until her voluntary resignation on March 13, 2015.

7.

Cathy Lynn Ward ("Ms. Ward") is a natural person residing at 140 Gill Lane, Stockbridge, GA 30281 where she may be personally served with

a Summons and copy of this Complaint. At all relevant times, Ms. Ward was an officer of, and was actively involved in the day-to-day management and operations of Defendants ABB and/or ATL DUI. Therefore, at all relevant times, Ms. Ward was Plaintiff's "employer" as that term is defined by the FLSA.

8.

Frederick T. Sanders II ("Mr. Sanders") is a natural person residing at 140 Gill Lane, Stockbridge, GA 30281 where he may be personally served with a Summons and copy of this Complaint. At all relevant times, Mr. Sanders was an officer of, and was actively involved in the day-to-day management and operations of Defendants ABB and ATL DUI. Therefore, at all relevant times Mr. Sanders was Plaintiff's "employer" as that term is defined by the FLSA.

9.

At all material times from October 2013 until her separation from Defendants on March 13, 2015, Ms. Thomas was "engaged in commerce" as an employee of Defendants ABB and ATL DUI, as defined at 29 U.S.C. §206(a).

10.

At all material times from October 2013 until the filing of this Complaint, Defendants ABB and ATL DUI were each an "enterprise

engaged in engaged in commerce or in the production of goods for commerce," as defined at 29 U.S.C. §206(a).

11.

At all material times since 2013, Defendants ABB and ATL DUI had two more "employees engaged in commerce," as defined by 29 U.S.C. §203(s)(1)(A).

12.

Since 2013, these Defendants also had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in produced for commerce by any person," as defined by 29 U.S.C. §203(s)(1)(A).

13.

During each year since 2013, Defendant ABB had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated), within the meaning of 29 U.S.C §203(s)(1)(A).

14.

During each year since 2013, Defendant ATL DUI had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated), within the meaning of 29 U.S.C §203(s)(1)(A).

15.

During each year since 2013, Defendant ABB has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. §203(s)(1).

16.

During each year since 2013, Defendant ATL DUI has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. §203(s)(1).

17.

At all times material hereto, Ms. Thomas was not exempt from the minimum wage or overtime pay requirements of the FLSA by reason of any exemption.

## **FACTS**

18.

Beginning in October 2013, Ms. Thomas began working for Defendants ABB and ATL DUI as an "all-purpose" employee who answered the telephones, performed clerical duties, performed custodial duties, and, on occasion, performed the duties of a classroom instructor at the instance and direction of Defendants Ms. Ward and Mr. Sanders. Ms. Thomas was an

hourly employee, and worked Monday – Friday, 9 a.m. to 5:30 p.m., and on Monday evenings, from 6 p.m. until 10 p.m.

19.

During this same period of time, Ms. Thomas also worked for Defendants, on average, two (2) Saturdays per month, from approximately 9 a.m. until 3 p.m., for a total of approximately 46.5 hours on workweeks she did not work Saturdays, and approximately, 52.5 hours on workweeks she did work on Saturdays. During this period of time, Defendants paid Ms. Thomas either $50 or $60 per day.

20.

Beginning on or about January 31, 2014, Ms. Thomas became a licensed bonds person by the City of Atlanta Police Department, which allowed her, in addition to performing her other, regular job duties for Defendant ATL DUI, to also write bonds for the customers of Defendant ABB. Even before receiving her bonding license from the City of Atlanta Police Department, Ms. Thomas performed significant paperwork for and on behalf of Defendant ABB, and was being trained by Defendant Sanders on the bonding process. After receiving her bonding license, until the day she resigned from Defendants, Ms. Thomas continued to perform services for Defendant ATL DUI.

21.

Beginning in or about January 31, 2014, Ms. Thomas maintained essentially the same work schedule as before, but, in addition, was now "on-call" and periodically required to work after hours to issue bonds, on average, four (4) times per workweek. During this period of time, Defendants paid Ms. Thomas $240 per workweek, less deductions from her weekly pay for time away from work for doctor's appointments, school, and the like.

22.

Ms. Thomas voluntarily resigned her employment with Defendants on or about March 13, 2015.

## COUNT I:

## **VIOLATION OF SECTION 206 OF THE FLSA**

23.

Plaintiff restates the allegations contained in Paragraphs 1-22 of her Complaint as is fully set forth.

24.

At all material times, Plaintiff was an hourly, non-exempt employee of Defendants.

25.

Defendants willfully failed and refused to pay Plaintiff at least the federal minimum wage for each hour worked for the first 40 hours of each workweek.

26.

Defendants knew or should have known that the FLSA applied to Plaintiff, as a non-exempt employee, and that they had a duty to ensure she was paid at least the federal minimum wage for each hour she worked (up to 40 hours in any given workweek).

27.

As a result of Defendants' willful failure, Plaintiff is entitled to an award of back pay in the amount of at least $7.25/hour for each hour worked (up to the first 40 hours in each workweek), less what she was actually paid by Defendants.

## COUNT II:

### VIOLATION OF SECTION 207 OF THE FLSA

28.

Plaintiff restates the allegations contained in Paragraphs 1-27 of her Complaint as is fully set forth.

29.

Plaintiff routinely worked in excess of 40 hours per workweek but was never paid overtime wages by Defendants in any workweek.

30.

At all material times, Defendants were required to compensate Plaintiff at a rate of one-and-one-half times her regular rate of pay for each hour she worked in excess of forty hours in any given workweek.

31.

Defendants knew or should have known that the FLSA applied to Plaintiff, as a non-exempt employee, and that they had a duty to ensure she was paid one and one-half times her regular rate of pay for hours over 40 in a given workweek.

32.

Defendants have intentionally failed and refused to adequately compensate Plaintiff for many hours worked (including hours worked in excess of forty per workweek), at the rates required by law, and has willfully refused to do so.

33.

Defendants are liable to Plaintiff for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times his regular rate of pay.

34.

Defendants' conduct constitutes willful violations of Sections 206 and 207 of the FLSA, entitling Plaintiff to all relief afforded under the FLSA.

35.

Said violations give rise to a claim for liquidated damages in an amount equal to the unpaid compensation, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, the Plaintiff requests:

(a) that her Complaint be read and considered;

(b) that service of process issue as authorized by law;

(c) that the Court Award Plaintiff the value of her unpaid regular wages;

(d) that the Court award the Plaintiff payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times her regular rate of pay;

(e) that the Court award Plaintiff liquidated damages as authorized by law;

(f) that the Court award the Plaintiff her expenses of litigation, including her reasonably-incurred attorney's fees; and

(h) that the Court award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted,

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Georgia Bar No. 279170
STEPHEN W. BROWN
Georgia Bar No. 290672

Attorneys for Plaintiff, Jamecia A. Thomas

Schulten Ward & Turner, LLP
260 Peachtree Street, N.W.
Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-680 facsimile
drf@swtlaw.com
swb@swtlaw.com